H. E. ALLEN ET AL. v. E. McQUEEN SALLEY.

(Filed 27 December, 1919.)

1. **Actions— Defenses— Pleadings— Pendency of Actions— Dismissal — Statutes.**

   A demurrer to a complaint, setting up the prior pendency in another county of an action upon the same subject-matter between the same parties, will be sustained, Rev., 474 (3) ; and, when such allegations do not so appear in the pleading, objection to the pendency of the second action may be taken by answer. Rev., 477.

2. **Same—Counterclaim—Judgments.**

   The entire spirit of our code procedure is to avoid multiplicity of actions, and where an action for damages arising by tort from a collision between automobiles has been brought by one of the parties, he may successfully plead the pendency of this action to one brought against him by the opposing party in another county, and have it dismissed, the remedy of the defendant in the second action being by way of counter-

claim, Rev., 481 (1) ; and that relief may be asked for by each in his own action does not affect the fact that the subject of both actions is the same acts or transactions, to be determined by one judgment either for the plaintiff or defendant in the case. Rev., 563 (2).

APPEAL by defendant from *Ray, J.,* at May Term, 1919, of BUNCOMBE. This is an action to recover damages as the result of a collision between an automobile truck belonging to the plaintiffs, and an automobile belonging to the defendant on Biltmore Avenue, near Asheville, 30 March, 1919. The defendant, prior to the bringing of this action, had brought an action against the plaintiffs in Polk County, where he resided, for damages arising out of the same collision. The summons in that action was served and returned prior to the beginning of this action by the plaintiffs. At the return term of the summons in this action, the defendant filed his plea setting up the pendency of the action in Polk, and moved to dismiss this action because of the institution of the prior action pending in Polk, between the same parties, and in regard to the same subject-matter. The motion to dismiss was denied, and the defendant appealed.

*Edwin S. Hartshorn for plaintiffs.*
*Walter Jones for defendant.*

CLARK, C. J. The defendant filed a certified copy of the summons, complaint, and answer in the action brought by him for exactly the same collision in Polk County. A demurrer would lie if the pendency of the former action appeared on the face of the complaint. Rev., 474 (3), but Rev., 477, provides: *"Objection not appearing in the complaint.* When any of the matters enumerated (above) do not appear on the face of the complaint, the objection may be taken by answer." The certified copy of the summons, complaint, and answer in the action brought by the defendant in Polk County show identically the same collision as set out in the complaint in this action, and defendant pleads the identity of the transaction. It is so treated by the judge, who says in his judgment that the defendant moved to dismiss this action "On the ground that another action between the same parties, and about the same transaction and subject-matter, was pending in Polk County at the time of the institution of the above entitled action, and the court, being of the opinion that the defendant is not entitled to have this action dismissed *on the grounds alleged,"* overruled the motion. The briefs of the plaintiff and defendant in this Court concede the identity of the cause of action, the plaintiff contending that though the facts show one and the same collision, that the causes of action were different because the plaintiffs in this action claim that the defendant was negligent, and the

defendant in the prior action instituted by him claimed that the plaintiffs in this action were negligent—but this was a distinction without a difference. The jury are to find the facts, and the court instructs as to the law thereon, and, whatever the result, there was but one set of acts and only one occurrence. There can be only one judgment, for plaintiff or for defendant, in the case. Rev., 563 (2). It would be unprecedented to divide this action into two so as to compel the same witnesses to the same transaction to attend trial of the action first begun (in Polk), and then to require the same witnesses to attend trial and testify to the same state of facts in Buncombe. The two juries might give different verdicts, and the judges might give conflicting constructions of the law.

The entire spirit of the Code is to avoid multiplicity of suits, and, therefore, Rev., 481 (1), authorizes a defendant to plead as a counterclaim any "cause of action arising out of the contract or transaction set forth in the complaint as the foundation of plaintiff's claim, or connected with the subject of the action." This was intended to authorize the claim and counterclaim to be settled in one action, when there is another contract or a matter *"arising* out of the same contract or transaction," which could not have been pleaded at common law, but it was not intended to divide into two actions and authorize two suits to be brought upon the *same* contract or transaction, which would be the case here if after the defendant has sued the plaintiffs for the collision the defendants in that case could sue the plaintiff therein for the same collision. In fact, however, the defendant herein has not pleaded a counterclaim nor did the defendants in the former case. The defendant in this case has pleaded the "pendency of the former action for the same cause," as authorized by Rev., 477. The cause is identical, for it is on the same acts, by the same parties. What the remedy will be and whether the verdict and judgment will be for the plaintiff or the defendant is to be determined in that suit.

At common law, as still is the case, when two men fight, even by consent, either may bring an action for the assault, but it is not held that there may be two actions, *Bell v. Hansley,* 48 N. C., 131; the language of the headnote is "One may recover in an action for assault and battery though he agreed to fight with his adversary."

In *Francis v. Edwards,* 77 N. C., 275, *Bynum, J.,* says: "A counterclaim is a distinct and independent cause of action, and when properly stated as such, with a prayer for relief, the defendant becomes, in respect to matters alleged by him, an actor, and there are then really two simultaneous actions pending between the same parties wherein each is at the same time both a plaintiff and a defendant. The defendant is not obliged to set up this counterclaim. He may omit it and bring another action. He has his election. But when he does set up his counterclaim,

it becomes a cross action, and both opposing claims must be adjudicated. The plaintiff then has the right to the determination of the Court of all matters thus brought in issue, and equally, the defendant has the same right, and neither has the right to go out of Court before a complete determination of *all the matters* in controversy without or against the consent of the other. This is the proper construction of the provisions of the Code in relation to counterclaim. Any other construction would defeat or impair these equitable and economical provisions of it, by which all matters in controversy between the parties to a suit may be determined in the same action" (citing many cases). All this contemplates one action. The object of the Code was to allow many other matters than the original contract or transaction to be settled in the same action, and there was no intention to divide into two actions a suit brought upon the same contract or the same transaction. The same matter is discussed by *Ashe, J.,* in *Hurst v. Everett,* 91 N. C., 399, who says that the object of the Code provision was to reduce the number of actions.

Rev., 563, settles the matter clearly by providing that the judgment may be given "for or against one or more of several plaintiffs, and for or against one or more of several defendants; and may determine the ultimate rights of the parties on each side, as between themselves, and may grant to the defendant any affirmative relief to which he may be entitled."

There is in this case but one cause of action, the collision, and the remedy sought by plaintiffs and that sought by the defendant depends upon identically the same state of facts, and must be settled in one action. The proper procedure in a case of this kind is that pursued in the Admiralty Courts, where in the case of collision both vessels are before the Court, and the wrongdoer ascertained, or where both parties are in fault, the damages and costs are assessed in proportion to the wrongful conduct of the parties. 7 Cyc., 376-378. This is also the case now in action against a railroad company for personal injuries when contributory negligence is pleaded.

In *Alexander v. Norwood,* 118 N. C., 382, the Court said: "The purpose of the Code system is to avoid a multiplicity of actions by requiring litigating parties to try and dispose of all questions between them on the same subject-matter in one action. Where an action is instituted and it appears to the Court by *plea,* answer, or demurrer that there is another action pending between the same parties, and substantially on the same subject-matter, and that all the material questions and rights can be determined therein, such action will be dismissed."

In that case the Court said that "the plaintiff (in the second action) has no election to litigate in the one or bring another action, but must

set up his defense in the first action, *Rogers v. Holt,* 62 N. C., 108, and the court will *ex mero motu* dismiss the second action as the parties, even by consent, cannot give the court jurisdiction." *Long v. Jarratt,* 94 N. C., 443.

In *Cooper v. Evans,* 174 N. C., 413, *Hoke, J.,* said, quoting with approval from *Smith v. French,* 141 N. C., 10: "Both the spirit and the letter of our present Code design and contemplate that all matters growing out of or connected with the same controversy should be adjusted in one and the same action." There are numerous decisions to the same effect.

The collision was but one transaction, and the whole matter should be tried and the liabilities of all the parties determined, in the first action, which is still pending in Polk.

The plaintiffs in the second action complain that it will be an inconvenience to them to try the case in Polk. It will be exactly the same inconvenience for the plaintiff in the first action to be brought to Buncombe to try the case there as a defendant. Besides, if plaintiffs' contention were right, both parties would go to both counties for trial. Neither under common law, nor by the Code, is there a single precedent of dividing an action up and trying it twice when the cause of action is the same contract or the same tort. The Code provision is in the other direction of preventing multiplicity of actions by allowing counterclaim when it is another contract, or *arises* out of the transaction or contract which is the cause of action—not to divide it into two actions when it is on the same contract or transaction.

There cannot be two actions between the same parties for the same cause, whether on contract or tort. To prevent that, on a plea or demurrer, for "pendency of a former action for the same cause" the second action must be dismissed.

Reversed.