UNION TRUST COMPANY v. D. F. McKINNE.

(Filed 17 March, 1920.)

**Cities—Counterclaims—Second Action—Different Counties—Cause Pending—Pleas in Bar—Removal of Cause—Transfer of Causes—Different Causes—Torts—Contracts—Principal and Surety—Bills and Notes.**

The surety on a note brought action against the payee thereof for his discharge from liability upon allegation of an extension of time, for a consideration, given by defendant to the makers, without his consent, payment, in full, by the maker, etc.; and, thereafter, the payee brought suit, in another county to recover upon a written contract whereby the surety agreed to pay the note, if the principal maker did not do so after judgment obtained thereon against him. *Held,* it was optional with the payee to set up the written agreement with the surety, as a counterclaim, in the first action, or to withhold it and bring an independent action thereon, and the pendency of the first action was not in bar of a recovery in the second, or justify the granting of a motion either to dismiss it or transfer it to the venue of the first action. *Allen v. Salley,* at this term, where both actions were founded upon the same tort, cited and distinguished.

CIVIL ACTION, commenced in the city court of the city of Raleigh, and carried by appeal to the Superior Court of WAKE and tried before *Guion, J.,* at November Term, 1919, upon these issues:

"1. Was the judgment obtained against J. B. Yarborough and J. A. Turner paid within ten days upon its rendition? Answer: 'No.'

"2. If not, in what amount is the defendant indebted to the plaintiff? Answer: '$413.80; interest from 1 March, 1915, on $400.'"

Appeal to Supreme Court by defendant.

*Willis Smith* for plaintiff.

*Wm. H. and Thos. W. Ruffin* for defendant.

BROWN, J.   The only assignment of error relates to the denial of the motion to remove the cause to the county of Franklin or dismiss the same because of another action between the same parties pending in the Superior Court of Franklin County and commenced shortly prior to the present action.   The motion was denied and the defendant excepted.

It appears in the complaint in this case that J. B. Yarborough, J. A. Turner, and D. F. McKinne executed two notes for $200 each to the Union Trust Company; that the defendant was surety; that the notes were not paid at maturity, and that suit was commenced and judgment obtained against Yarborough and Turner; that the defendant McKinne was not included in the suit and no judgment obtained against him at his request.   Whereupon McKinne executed the following paper-writing:

"The Union Trust Company, of Raleigh, N. C., having agreed at my request to refrain from joining me as a party defendant in the suit about to be brought by said company against J. B. Yarborough and J. A. Turner on two notes, to which I am also a party, I hereby, in consideration of the Union Trust Company forbearing to sue me on said notes, guarantee the payment of the said notes in the event that the Union Trust Company secures a judgment against J. B. Yarborough and J. A. Turner, and said judgment is not paid within ten days from its rendition thereof."

It is to recover on this paper-writing that this action was brought.

Shortly prior to the commencement of this action McKinne commenced an action against the Union Trust Company in the county of Franklin, in which he asked that he be declared to be discharged by reason of his liability on said notes by endorsement thereon.   He alleges that he is discharged from liability on the notes because the Union Trust Company received from J. A. Turner money for indulgence on said debt sufficient to have discharged the said debt and interest, and that he, McKinne, was informed by the makers of said note that the same had been paid in full.   McKinne alleges also that he is discharged by reason of unwarranted extension of the time of payment of said notes without his consent.   It is contended by the learned counsel for the defendant that the pendency of the action in Franklin bars a recovery in this action, relying upon our recent opinion in *Allen v. Salley, ante,* 147.   In our opinion the

cases are not at all similar. In *Allen v. Salley* it was held that where the owner of an automobile which collided with an automobile truck brought action against the truck owners in one county, they cannot, while such action is pending, bring a separate and distinct action in another county against the owner of the automobile for damages accruing to the truck owner by reason of the same collision.

There the transaction grew out of one tort, and the question was who was guilty of the negligence that caused it.

In the action in Franklin County the Union Trust Company could answer if they saw fit, and deny the allegations of the complaint, but they were not obliged to set up as a counterclaim McKinne's guarantee sued on in this action. It is well settled that the defendant is not obliged to set up his counterclaim, but he may omit it, and if he chooses to do so thereafter, he may bring another and independent action. He has his election. The Union Trust Company had the right to file an answer to the complaint filed in the Superior Court of Franklin County denying the allegations of the complaint, if in its opinion it stated a cause of action. At the same time it had the right to withhold setting up its cause of action against McKinne.

This question is fully discussed by *Bynum, J.,* in *Francis v. Edwards,* 76 N. C., 275. We think a distinction between the present case and *Allen v. Salley* is apparent upon reading the opinion in that case.

No error.