WHITAKER-HOLTSINGER HARDWARE COMPANY ET AL. V.
W. T. WHITTEN ET AL.

(Filed 22 May, 1929.)

**Abatement and Revival B a—In this case held, present action barred by prior action between same parties nonsuited upon one phase only.**

Where the mortgagee brings action to foreclose on his mortgage on the defendant's stock of goods, and thereafter the plaintiffs bring a creditors' bill to recover on their claims and to set aside the mortgage on the grounds of fraud, and the two actions are consolidated, and upon trial it is adjudged that there was no evidence of fraud in procuring the mort-

gage, and upon this phase the action is nonsuited, and it is further adjudged that the balance arising from the sale of the stock, after paying the mortgage, be turned over to a receiver, appointed in the action, for the benefit of the creditors: *Held*, a subsequent creditors' bill, seeking the same relief, is barred by the prior action, the plaintiffs having had their day in court, and being still in court in the other action.

APPEAL by plaintiffs from *McElroy, J.,* at October Term, 1928, of MADISON.

Creditors' bill filed by plaintiffs to recover on their claims against W. T. Whitten and to set aside a mortgage on the defendant's stock of merchandise.

The lien in question was a purchase-money mortgage given by Whitten to W. C. Fowler 1 April, 1927, at the time of the purchase of the said stock of merchandise. Default having occurred in the payment of the notes secured by said mortgage, Fowler on 31 December, 1927, instituted suit against Whitten to recover thereon and seized the stock of goods under claim and delivery.

Thereafter, the plaintiffs herein filed a creditors' bill against W. T. Whitten, asked for the appointment of a receiver, joined W. C. Fowler as a party defendant, and assailed the validity of the mortgage held by him, alleging that the same was procured by fraud.

At the May Term, 1928, Madison Superior Court, these two suits, by consent, were consolidated and tried together. As a result of this hearing, it was adjudged that the purchase-money mortgage given by Whitten to Fowler was a valid encumbrance on the stock of goods in question; that the creditors in their suit had offered no evidence of fraud in the procurement of said mortgage, and, to this extent, the same was "nonsuited"; but it was further adjudged, as a result of said hearing, that the balance arising from a sale of the stock of goods, after paying the first encumbrances enumerated therein, should be turned over to the receiver, appointed in said action, for the benefit of the creditors of W. T. Whitten.

This judgment was held to be a bar to the present action, instituted 3 August, 1928, as a second creditors' bill and again attacking the validity of the Fowler mortgage. Plaintiffs appeal, assigning errors.

*C. B. Mashburn and Thomas S. Rollins for plaintiffs.*
*Guy V. Roberts and John H. McElroy for defendants, Fowler and Gudger.*

STACY, C. J., after stating the case: It is apparent from the record that the first creditors' bill was "nonsuited" only so far as it assailed the validity of the purchase-money mortgage given by Whitten to Fowler, and this upon the ground that no evidence had been offered to support the

allegation of fraud. Hence, the trial court properly held that the judgment entered in the consolidated action tried at the May Term, 1928, Madison Superior Court, was a bar to the present suit. The plaintiffs have had their day in court; they are still in court in the other action; they have no just cause for complaint at the action of the trial court in dismissing the present suit. *Morrison v. Lewis, ante,* 79; *Allen v. Salley,* 179 N. C., 147, 101 S. E., 545.

Affirmed.