DAVID SAVAGE v. R. F. McGLAWHORN AND J. N. GORMAN.

(Filed 17 September, 1930.)

1. **Contracts F b—Where plaintiff's own breach of contract has caused failure of defendant to perform, plaintiff may not recover thereon.**

   A party to a contract may not recover damages of the other party thereto for its breach when his own breach has caused the failure of the other to perform his part thereof.

2. **Estoppel B a—Judgment in former action held to estop plaintiff in present action.**

   Where the plaintiff brings action for breach of a contract whereby the defendants, as partners, were to furnish land and the plaintiff to cultivate crops thereon, alleging that he was ejected therefrom during the cultivation of the crop, a judgment obtained by one of the defendants against the present plaintiff in an action in ejectment before a justice of the peace will operate to estop the plaintiff, the issues in the ejectment action being as to whether the present plaintiff had breached the same contract sued on by failing to cultivate the crops, and the fact that the action in ejectment was brought by only one of the present defendants does not destroy the identity of parties necessary to an estoppel, especially where the present plaintiff failed to demur in the ejectment action for defect of parties.

3. **Evidence J a — Parol evidence held admissible to show identity of issues in former action pleaded as estoppel.**

   Where the judgment relied on as an estoppel in a subsequent action is ambiguous as to the identity of a contract involved in both actions, parol evidence not inconsistent with the record of the former action is competent to identify the issue therein formerly adjudicated.

APPEAL by defendants from *Moore, Special Judge,* at April Term, 1930, of EDGECOMBE. New trial.

Action for breach of contract. The plaintiff alleges that in January, 1927, he made a contract with the defendants as partners in farming, under which the plaintiff was to prepare the soil and plant, cultivate, and house the crops, and the defendants were to furnish the land and one-half the fertilizer and were to advance to the plaintiff $25 a month—the crop to be divided between the parties; that on 29 July, 1927, the defendants unlawfully and wilfully broke their contract and forced the plaintiff to leave the premises; and that he has been damaged in the sum of five hundred dollars.

The defendants answered, setting up their statement of the specific terms of the contract and alleging that they brought summary proceedings in ejectment before a justice of the peace, in which judgment was rendered that the plaintiff be evicted from the premises for breach of the contract on which his complaint is founded.

The following verdict was returned:

1. Did the defendant breach the contract as alleged by the plaintiff in his complaint? Answer: Yes.

2. If so, in what sum is plaintiff entitled to recover of the defendant? Answer: $200.

Judgment for plaintiff; appeal by defendants.

*George M. Fountain for plaintiff.*
*Henry C. Bourne for defendants.*

Adams, J. This action is prosecuted by the plaintiff to recover damages for the defendants' alleged breach of a contract. The plaintiff can recover only by proof of the contract, his compliance with its terms, and the defendants' breach.

The defendants offered the judgment roll of a justice of the peace in an action entitled "R. F. McGlawhorn v. David Savage." Savage is the plaintiff in the present action and McGlawhorn is one of the defendants. In the action before the justice the plaintiff "complained for possession of the house occupied by the defendant, by reason of a forfeiture of the contract, the defendant refusing to work the crops." The parties appeared and offered evidence and "judgment was rendered that the plaintiff be put in possession of the house and recover the cost of the action."

This judgment was offered by the defendants as an estoppel against the plaintiff, but was admitted only in corroboration of the evidence of the defendants that the plaintiff had violated the contract. This ruling presents the vital exception.

If the contract on which the plaintiff bases this action is the contract he was adjudged by the justice of the peace to have violated he is

estopped. He will not be permitted to recover damages for the breach of a contract with which he has refused to comply. So the question is whether the justice's judgment is evidence to be considered by the jury in determining the disagreement of the parties on this point. *Clothing Co. v. Hay,* 163 N. C., 495. One of the tests of estoppel by judgment is identity of issues. *Gillam v. Edmonson,* 154 N. C., 127. In the trial before the magistrate the existence of the contract and its breach by the defendant (plaintiff here) were matters in issue; in this action the existence of the contract and the compliance of the plaintiff (defendant in the other action) are matters in issue. The judgment in either action necessarily involves a contract or contracts and the breach.

It is suggested that the judgment roll does not specify the contract adjudged to have been forfeited; but the ground of the forfeiture was Savage's refusal to work the crop. If the judgment of the justice contains a latent ambiguity, parol evidence not inconsistent with the record is admissible to identify the point or issue therein adjudicated. *Yates v. Yates,* 81 N. C., 397; *Person v. Roberts,* 159 N. C., 168, 173; *Whitaker v. Garren,* 167 N. C., 658; *Cropsey v. Markham,* 171 N. C., 43.

It is insisted by the appellee that there is no mutuality of parties, the only plaintiff in the original action being one of the present defendants. Technically this is true; but the plaintiff's testimony admits of the construction that only one contract was executed and that the original action was brought by the party with whom it was made. The fact that Gorman was a partner with McGlawhorn, but was not a party to the original action should not be permitted to defeat the merits, especially when it appears that the plaintiff with knowledge of the partnership did not demur for a defect of parties.

New trial.