The facts of the case and the contentions of the parties are set forth in the judgment, which is as follows:
"This cause coming on to be heard, and upon motion of the defendants to dismiss the action, and all parties having appeared and agreed that the court might find the facts and render judgment thereon, either in *Page 389 
or out of term; now, upon an inspection of the pleadings and upon the admissions of the parties, the court finds the facts to be as follows:
1. That on 20 January, 1929, the plaintiff, I. L. Garrett, was injured in an automobile wreck, near Shawboro, N.C. in Currituck County, North Carolina, said injury having been caused by the negligence of W. L. Morrisette and Mrs. W. L. Morrisette.
2. That thereafter during the month of May, 1929, the said I. L. Garrett instituted an action in the Court of Law and Chancery of the city of Norfolk, Va., against the said W. L. Morrisette and Mrs. W. L. Morrisette; it being alleged in the pleadings filed in said cause that by reason of the negligence of said defendants the plaintiff was knocked from his automobile, caused to fall on the roadway, was lacerated, bruised, torn and crushed, and suffered bruises, contusions, lacerations, sprains and broken bones, injured his nerves, flesh and bones and crippled the arms and legs of the plaintiff, causing great pain and distress, permanent and incurable injuries; also that he was caused to suffer great mental anguish and was permanently injured and has been obliged to pay out divers sums of money, aggregating a large sum, to wit, $1,400 in and to endeavoring to be relieved and cured of said injuries, and has been forced to lose a great deal of time from attending to his business, and has suffered, and will continue to suffer, great loss from the continued diminution of his earning capacity, etc. The petition and notice of motion in said cause, and the entire record therein, is here referred to and incorporated as a part of this finding of fact.
3. Thereafter, on 19 July, 1929, the defendant executed a release in the following language: "for the sole consideration of the sum of $4,200, lawful money of the United States, to me in hand paid, this 16 July, 1929, by Mrs. Martha Morrisette (she being one of the defendants in said action) I, I. L. Garrett, being of lawful age, hereby release, acquit and forever discharge the said Mrs. Martha M. Morrisette, her heirs, executors and administrators, from any and all actions, causes of action, claims and demands accrued and to accrue on account of any known and unknown injuries, loss and damage whatsoever sustained by me on or about 20 January, 1929. It is expressly understood and agreed that the acceptance of the said amount of $4,200 is in full accord and satisfaction of a disputed claim and that the payment of the said sum of $4,200 is not an admission of liability.
In witness whereof, I have hereunto set my hand and seal this 19 July, 1929. (Signed) I. L. Garrett."
4. That thereupon, said release having been produced in open court, the said action was dismissed on motion of the plaintiff, on 23 July, 1929. *Page 390 
5. That as admitted in plaintiff's reply the action in the Court of Law and Chancery in Norfolk, above referred to, was against Mrs. Martha Morrisette and husband, W. L. Morrisette; that it was instituted on account of injuries received in an automobile collision which occurred on 20 January, 1929; that it was instituted after the injury referred to in the complaint, and after the treatment and professional services by defendants to the plaintiff therein, also referred to, and the release, original of which is before the court, and signed by this plaintiff as a settlement, adjustment and conclusion of said litigation.
6. That shortly after said accident and injury, and before the institution of said Norfolk action, the plaintiff, I. L. Garrett, placed himself in charge of the defendants, R. L. Kendrick and John Saliba, who, as he alleges, were practicing physicians, holding themselves out to the public as possessing professional skill, efficiency and trustworthiness to treat him in a professional manner; that he was taken to the hospital in Elizabeth City for surgical treatment, and was taken over for professional treatment and attention and surgical operation by the said R. L. Kendrick and John Saliba, who are alleged in the complaint in this cause to have acted jointly and in cooperation in said treatment, and in the setting of the fractured bones of the arm and leg of the plaintiff; and it is admitted by the defendants that they were acting jointly and in cooperation for the purposes of this action.
7. The plaintiff alleges, in this action, that the defendants, without justifiable cause, negligently failed to set, adjust and treat the said fractured bones, and especially that of his leg, with that reasonable degree of care, skill and efficiency which it was their duty to exercise and which was promised and implied by holding themselves out to the public and to the plaintiff as skillful surgeons, and by reason of such neglect and failure of proper care and attention, and failure of the exercise of a fair and reasonable degree of surgical skill, and in proper setting of the bones of both the arm and leg, of the plaintiff, and especially so as to the leg, the bones of which were left lapped, not being properly adjusted and put together so they could knit, grow and heal.
8. The plaintiff further alleges that he has been damaged on account of the negligence of the defendants in the sum of $5,000; and the complaint, answers, amendments and reply filed in this cause are hereby incorporated as a part of this finding of fact.
9. At the time said medical services were performed by the defendants to the plaintiff, the defendant, John Saliba, and Dr. M. S. Bulla, of Elizabeth City, were the owners of a certain hospital in Elizabeth City, and were trading under the firm name of Elizabeth City Hospital; and on 14 August, 1929, the said John Saliba and M. S. Bulla instituted *Page 391 
an action in the Superior Court of Pasquotank County against the plaintiff and his wife, Beatrice Sawyer Garrett, the purpose of which action was to collect from the plaintiff, I. L. Garrett, the sum of $605.00 for bed, board and other hospital attention, other than surgical services, together with the sum of $200.00 for profession or surgical services rendered by the plaintiffs in said action, through the defendant, John Saliba, making a total of $805.00. Said cause came on for hearing at the March Term, 1930, of the Superior Court of Pasquotank County, when and where issues were submitted to the jury and said jury awarded to the plaintiffs, Bulla and Saliba, the sum of $425.00 for bad and board, and other hospital attention and the sum of $100.00 for professional or surgical services rendered through the plaintiffs therein, and judgment in favor of the said plaintiffs, Bulla and Saliba, trading as Elizabeth City Hospital, was thereupon entered by the court, for the amount aforesaid, and was paid by the defendant, I. L. Garrett, the plaintiff in the present suit. The complaint, answer, verdict and judgment in said cause are here referred to and made a part of these findings of fact.
10. The defendant, John Saliba, and defendant, R. L. Kendrick, plead said judgment, together with the judgment rendered in the court of Law and Chancery, in Norfolk, Virginia, hereinbefore referred to, as an estoppel in this action, and moves that the same be dismissed.
11. The defendant, R. L. Kendrick, also contends under the allegations of the complaint herein, and not denied in the answer, that as he was a copartner pro hac vice of the defendant John Saliba, in performing the services referred to at the Elizabeth City Hospital, he is privy to the matters and things alleged by the said John Saliba by way of defense, and in how own plea, and is also entitled to have this action dismissed as to him, for the same cause.
12. In Bell v. Machine Co., 150 N.C. page 111, it was held that, "When it has been adjudicated in a former action that the defendant in this action has performed his contract to repair the vessel of the present plaintiff, the plaintiff is estopped to claim damages arising from defective work alleged to have been done thereon." Applying the law as enunciated in Bell v. Machine Co., supra, to the facts of the instant case, the court is of the opinion that the judgment in the case of Bulla and Saliba against I. L. Garrett, having been entered and paid, that it is necessarily as adjudication of the fact that both Doctors Saliba and Kendrick performed their services in a satisfactory and acceptable manner, and that because of this adjudication the plaintiff cannot now be heard to complain that he has been damaged by the negligence of either one of them, it is, therefore, *Page 392 
Ordered and adjudged that the plaintiff is not entitled to recover anything by his writ; that the defendants go hence without day and recover their costs to be taxed against the plaintiff and the surety on his prosecution bond. This 15 June, 1931. HENRY A. GRADY, Judge Presiding."
From the foregoing judgment plaintiff appealed.
The record presents the following question of law, to wit:
If a surgeon sues a patient to recover compensation for surgical services, and the patient makes an appearance and defends the suit, and judgment is recovered against him for such services, can such patient thereafter sue the surgeon for damages alleged to have been caused by the malpractice of the surgeon in treating the injuries?
It is to be noted at the outset that the defendant Kendrick was not a party to the suit brought by Saliba and Bulla against the plaintiff for services in treating his injuries. However, it was alleged in the complaint and found as a fact by the trial judge that Kendrick and Saliba "acted jointly and in cooperation in said treatment and in the setting of the fractured bones of the arm and leg of plaintiff," etc. Therefore, it seems to follow that, upon plaintiff's own theory, Kendrick was a copartner with Saliba in performing the services out of which the litigation grows.
The general rule governing estoppel in that class of cases to which the present case belongs, was declared in Distributing Co. v. Carraway,196 N.C. 58, 144 S.E. 535, as follows: "That when a court of competent jurisdiction renders judgment in a cause properly before it, such judgment estops the parties and their privies as to all issuable matters contained in the pleadings, including all material and relevant matters within the scope of the pleadings, which the parties, in the exercise of reasonable diligence, could and should have brought forward."
Thus, when Saliba and Bulla sued the plaintiff upon a quantum meruit for services, it was necessary to allege and prove that the services were rendered and that they were reasonably worth a certain amount. As the defendant in that case defended the action upon the merit of the claim asserted; it was his duty to set up the malpractice complained of as a counterclaim by virtue of the fact that the malpractice grew out of the same contract or transaction which formed the basis of the claim of the plaintiffs. *Page 393 
The trial judge was of the opinion that the principle announced in Bellv. Machine Co., 150 N.C. 111, 63 S.E. 680, was determinative of the question of estoppel. This Court concurs in the ruling of the trial judge. The identical principle was thus stated in the Bell case, supra: "The plaintiffs contend that this is a counterclaim, which it was optional with them to plead. It seems to us that while the damage now sued for, if valid, would be a counterclaim, the foundation for them is taken away by the adjudication in the other action that the defendant had performed its contract."
Affirmed.