MRS. JOHN BECK v. LEXINGTON COCA-COLA BOTTLING COMPANY.

(Filed 14 December, 1938.)

**1. Pleadings § 26—**

When a bill of particulars is ordered and furnished, the evidence offered at the trial must be confined to items therein specified.

**2. Food § 15—**

When plaintiff, in compliance with order of court, furnishes a bill of particulars as to other occasions when deleterious substances were found

BECK *v.* BOTTLING CO.

in drinks bottled by defendant, it is prejudicial error to admit over objection evidence of "other occurrences" at variance with the bill of particulars.

**3. Appeal and Error § 41—**

When a new trial is awarded on appeal, other exceptions relating to matters not likely to occur on the subsequent hearing need not be considered.

**4. Food § 14—Complaint in this action to recover for injuries from deleterious substances in bottled drink held sufficient as against demurrer.**

The complaint in this action alleging injury to plaintiff resulting from deleterious substances in a soft drink which had been bottled by defendant, that defendant was negligent in regard thereto, and that deleterious substances had been found in other drinks bottled by defendant at about the same time, *is held* sufficient to state a cause of action.

APPEAL by defendant from *Olive, Special Judge,* at April Term, 1938, of DAVIDSON.

Civil action to recover damages for injuries resulting from alleged actionable negligence.

Plaintiff alleges that on or about 18 July, 1937, she and her husband purchased from J. W. Martin, proprietor of Hill Side Inn, near Lexington, two bottles of Coca-Cola which had been bottled, sold and delivered by the defendant to said Martin for market; that she drank from one of the bottles and, as a result of drinking therefrom, she became violently sick and suffered injury; that she discovered in the bottom of the bottle "a badly decomposed bottle cap, made of metal, mucilage and cork with paint on the top thereof; that same had corroded and . . . had saturated the contents of said bottle with poisonous deleterious matter"; that her injuries "were due to the negligence and want of care on the part of the defendant" in manner specifically set forth; and that on other occasions about the same time, both before and since, the defendant negligently "permitted foreign substance, dangerous and insanitary, to be bottled and sold at its plant without proper inspection, and negligently placed upon the market among its retail dealers in Lexington and vicinity . . ."

Defendant denied the material allegations of plaintiff.

Upon motion of defendant and on order of the court, C. S., 534, plaintiff filed a bill of particulars as to the instances before and since 18 July, 1937, in which she contends that defendant negligently bottled and placed upon the market drinks containing deleterious substances.

On the trial below there was verdict for plaintiff. From judgment thereon, defendant appeals to the Supreme Court and assigns error.

*S. E. Raper and Phillips & Bower for plaintiff, appellee.*
*Don A. Walser for defendant, appellant.*

WINBORNE, J. Is it proper to admit evidence at variance with the bill of particulars filed? The uniform decisions of this Court say "No."

When a bill of particulars is ordered and furnished, the evidence offered at the trial must be confined to items therein specified. *S. v. Wadford,* 194 N. C., 336, 139 S. E., 608; *Gore v. Wilmington,* 194 N. C., 450, 140 S. E., 71; *Ham v. Norwood,* 196 N. C., 762, 147 S. E., 291; *Gruber v. Ewbanks,* 199 N. C., 335, 154 S. E., 318; *S. v. Lea,* 203 N. C., 13, 164 S. E., 737; *S. v. Everhardt,* 203 N. C., 610, 166 S. E., 738; *Pemberton v. Greensboro,* 205 N. C., 599, 172 S. E., 196; *Savage v. Currin,* 207 N. C., 222, 176 S. E., 569; *S. v. Williams,* 211 N. C., 569, 190 S. E., 898.

Over the objection of defendant, the trial court admitted evidence of "other occurrences" which varied from the bill of particulars filed by plaintiff—especially with respect to the Stella Yount purchase. In this there is prejudicial error.

As there must be a new trial, other exceptions need not now be considered as the matters to which objection is taken may not then recur.

Demurrer, *ore tenus,* made in this Court by defendant is overruled. When liberally construed, the complaint alleges facts sufficient to constitute a cause of action.

For error specified, let there be a

New trial.