N. B. HILL (ORIGINAL PARTY PLAINTIFF), AND LYDIA WORTHINGTON HILL AND BRANT WATERS, CO-EXECUTORS OF THE ESTATE OF N. B. HILL, DECEASED (ADDITIONAL PARTIES PLAINTIFF), V. HILL SPINNING COMPANY, INCORPORATED.

(Filed 10 October, 1956.)

**1. Pleadings § 3a—**

A party may not by reference incorporate in a pleading allegations made by him in a separate and independent action.

**2. Pleadings §§ 19c, 31—**

Where a further answer and defense rests wholly on allegations made by the pleader in a prior action, ineffectually sought to be incorporated in the pleading by reference, plaintiff's demurrer and motion to strike such further answer and defense are proper.

**3. Pleadings § 27—**

Where plaintiff files a bill of particulars the case is confined to the items specified therein.

**4. Abatement and Revival § 8—**

In order to support a plea in abatement it is not sufficient that the subject matter of the second action may be litigated in the first, but it is also required that judgment in the prior action would operate as a bar to the second.   G.S. 1-127 (3).

**5. Same—**

The pendency of a prior action by a corporation to recover monies allegedly wrongfully misappropriated by its president, without allegation that any of the alleged withdrawals were or purported to be salary payments or funds to which the president was entitled to receive as salary, will not support a plea in bar to a subsequent action instituted by the executors of the deceased president to recover salary allegedly due but not paid, since the issues and judgment in the prior action would not determine whether the corporation was indebted on account of unpaid salary.

JOHNSON, J., not sitting.

APPEAL by defendant from *Bundy, J.,* June Term, 1956, of SAMPSON.

Action commenced 2 December, 1955, to recover $10,350.00, alleged to be due N. B. Hill, original plaintiff, as unpaid salary for his services as president and treasurer of defendant from 1 November, 1951, through 31 October, 1954.   Hill died 23 January, 1956, and his executors, substituted as parties plaintiff, adopted the original complaint.

A prior action entitled "Hill Spinning Company, Incorporated, *v.* N. B. Hill and wife, Lydia Hill, and N. B. Waters," instituted 7 April, 1954, was pending in the Superior Court of Sampson County.

Defendant herein, answering, denied that it was indebted to Hill on account of unpaid salary, and in addition interposed a further answer and defense containing three numbered paragraphs, viz.:

1. Herein defendant pleaded said prior pending action, alleged to involve the same parties and subject matter, and moved that this action be abated on account thereof.

2. Herein defendant pleaded the three year statute of limitations in bar of plaintiffs' right to recover.

3. Herein defendant alleged: "That N. B. Hill, the original plaintiff in the above-entitled action, fraudulently withdrew funds from the defendant and applied the same to his own use and the use of his co-defendants and for the uses and purposes other than corporate use and purpose of the defendant in the manner and under the circumstances set forth in the complaint filed in the action entitled 'Hill Spinning Company, Inc. *v.* N. B. Hill and wife, Lydia Hill, and N. B. Waters,' and a Bill of Particulars filed in said action, and, for which he was and his Estate is liable to this defendant over and above any and all amounts to which he was entitled to credit and to which his estate is entitled to credit, of $57,992.50, copies of which said complaint, bill of particulars

and reply are hereto attached and asked to be taken as a part of this paragraph of the answer."

And paragraph 3 of defendant's prayer for relief is as follows: "3. That the defendant have and recover of the estate of N. B. Hill, deceased, the sum of $57,992.50."

Plaintiffs challenged in writing said paragraph 3 of defendant's further answer and defense and said paragraph 3 of its prayer for relief both by demurrer and by motion to strike.

Upon hearing the court, in separate orders, (1) denied defendant's plea in abatement, (2) sustained plaintiffs' demurrer, and (3) allowed plaintiffs' motion to strike.

Defendant excepted and appealed, assigning as error the signing and entry of each of said orders.

*R. M. Holland and Butler & Butler for plaintiffs, appellees.*
*Jones, Reed & Griffin for defendant, appellant.*

BOBBITT, J. We need not consider whether it was permissible for defendant to allege as a counterclaim or defense the same facts it had alleged in its said prior action. Suffice it to say, defendant has not alleged such facts.

In a complaint, if plaintiff undertakes to allege two or more separately stated causes of action, each must be complete within itself. It is not permissible to incorporate by reference allegations made in another separately stated cause of action. *Heath v. Kirkman,* 240 N.C. 303, 82 S.E. 2d 104, and cases cited. *A fortiori,* it is not permissible for a plaintiff to incorporate by reference allegations made by him in a pleading filed in a separate and independent action. This rule applies equally when a defendant attempts to allege a cause of action as a counterclaim.

Paragraph 3 of defendant's further answer and defense rests wholly on the allegations in its pleadings in said prior action, which defendant attempted to incorporate by reference. When we exclude these from consideration, said paragraph 3 does not state facts sufficient to constitute a cause of action. Hence, the orders sustaining plaintiffs' demurrer and motion to strike were proper.

Even so, analysis of the pleadings in said prior action must be made to determine the validity of defendant's plea in abatement. In this connection, it is noted that the record on this appeal contains only the pleadings filed by the plaintiff (corporation) in said prior action. The reply affords no assistance since the answer to which it relates does not appear.

In its complaint in said prior action, the plaintiff alleged generally that Hill, as president and treasurer of the corporation from 1940 until

the action was commenced, had full charge of the corporation's finances and operations; that he withdrew and fraudulently misapplied to his own use and to the use of his codefendants funds of the corporation in an amount in excess of $100,000.00, all with the knowledge, acquiescence and approval of his codefendants; and that the funds so misappropriated were used in acquiring various properties, title to which was taken in the name of the defendants or one or more of them.

When the plaintiff filed its bill of particulars it thereby confined its case to the items specified therein. *Beck v. Bottling Co.,* 214 N.C. 566, 199 S.E. 924. The bill of particulars, omitting details, specified these alleged withdrawals and misappropriations of the corporation's funds, to wit:

1. During 1946-1954, inclusive, Hill traded in cotton futures in the name of the corporation, using the corporation's credit and funds, realizing a net gain from such trading of $6,584.63. However, Hill caused entries to be made on the corporation's books reflecting a net loss of $31,523.86. The total of these two items, to wit, $38,108.49, was "fraudulently withdrawn, misapplied and misappropriated by the said defendant (Hill), and through him by his codefendants . . ."

2. During 1947-1954, inclusive, Hill traded in cotton futures "for his own personal use and benefit, and for the use and benefit of his codefendants and others than the plaintiffs," using the funds and credit of the corporation, and in so doing lost $19,883.91. However, Hill caused book entries to be made showing this to be the corporation's loss.

And the plaintiff in said prior action, in its bill of particulars, modified its prayer for relief, alleging that the defendants were jointly and severally liable to it in the amount of $57,992.50.

The rules applicable when considering a plea in abatement on the ground that "there is another action pending between the same parties for the same cause" (G.S. 1-127(3)) are stated, with full citation of authority, by *Ervin, J.,* in *McDowell v. Blythe Brothers Co.,* 236 N.C. 396, 72 S.E. 2d 860, and by *Winborne, J.* (now *C. J.*), in *Dwiggins v. Bus Co.,* 230 N.C. 234, 52 S.E. 2d 892.

Defendant's plea in abatement is good only if (1) the plaintiffs herein could obtain the same relief by counterclaim in said prior action, *and* (2) a judgment in favor of the plaintiff in said prior action (defendant herein) would operate as a bar to plaintiffs' prosecution of this action. *Cameron v. Cameron,* 235 N.C. 82, 86, 68 S.E. 2d 796, and cases cited.

The said prior action was in tort for alleged conversion of the corporation's funds. Whether Hill's claim for salary was permissible as a counterclaim therein is governed by the provisions of G.S. 1-137(1). *Garrett v. Rose,* 236 N.C. 299, 305, 72 S.E. 2d 843. The words and phrases used in G.S. 1-137(1) are defined by *Barnhill, J.* (later *C. J.*),

in *Hancammon v. Carr,* 229 N.C. 52, 47 S.E. 2d 614. In *Bitting v. Thaxton,* 72 N.C. 541, under a somewhat similar factual situation, such a counterclaim was held to be permissible. We need not decide whether the cited case would control decision under the facts here. Compare: *Finance Co. v. Holder,* 235 N.C. 96, 68 S.E. 2d 794. We may concede, for present purposes, that Hill's claim for back salary was permissible as a counterclaim in said prior action.

Be that as it may, we have reached the conclusion that, under applicable decisions of this Court, the said prior action and this action are not for the same cause of action within the meaning of G.S. 1-127(3). See, also, G.S. 1-133, and *McDowell v. Blythe Brothers Co., supra.* The basic reason is that a defendant, having a cause of action against the plaintiff, even if permissible as a counterclaim, may elect to plead it as such or institute a separate action thereon *unless the issues raised in the prior action, if answered in favor of the plaintiff therein, would preclude and bar the prosecution of the second action. Cameron v. Cameron, supra,* and cases cited; *Trust Co. v. McKinne,* 179 N.C. 328, 102 S.E. 385; *Francis v. Edwards,* 77 N.C. 271. McIntosh, N.C.P.&P., sec. 468.

In *Allen v. Salley,* 179 N.C. 147, 101 S.E. 545, and similar automobile collision cases, pleas in abatement were allowed. *Dwiggins v. Bus Co., supra; Johnson v. Smith,* 215 N.C. 322, 1 S.E. 2d 834. *Brown, J.,* in *Trust Co. v. McKinne, supra,* took occasion to emphasize that in *Allen v. Salley, supra,* the sole purpose of the litigation was to determine whose negligence caused the collision. Necessarily the issues in the first action would determine the whole controversy between the parties.

In *Construction Co. v. Ice Co.,* 190 N.C. 580, 130 S.E. 165, the construction company's action to recover the balance alleged to be due under a building contract was abated on account of the pendency of a prior action wherein the ice company sued to recover damages for an alleged breach of the identical building contract. The basis of decision is indicated by this excerpt from the opinion of *Stacy, C. J.:* "It will be observed that the parties bottom their respective causes of action on the same contract, each alleging a breach by the other. The two causes of action, therefore, arise out of the same subject-matter; and a recovery by one would necessarily be a bar or offset, *pro tanto* at least, to a recovery by the other."

In accord with *Construction Co. v. Ice Co., supra: Lumber Co. v. Wilson,* 222 N.C. 87, 21 S.E. 2d 893; *Garrett v. Kendrick,* 201 N.C. 388, 160 S.E. 349; *Savage v. McGlawhorn,* 199 N.C. 427, 154 S.E. 673; *Bell v. Machine Co.,* 150 N.C. 111, 63 S.E. 680. These cases present factual situations relating to a single contract, each party alleging a breach thereof by the other.

In short, consideration of decided cases in which a plea in abatement has been allowed discloses the fact that answers to the issues in the

prior action perforce would determine the whole controversy between the parties. *Cameron v. Cameron, supra.*

Applying these legal principles to the present case, it is noted that the complaint and bill of particulars in said prior action do not relate to Hill's salary. The allegations thereof negative any idea that any of the alleged withdrawals were or purported to be salary payments. The issues raised concern only the alleged fraudulent withdrawal and misapplication of the corporation's funds. Nor do plaintiffs herein contend that any part of the funds alleged to have been fraudulently withdrawn and misapplied are'funds to which Hill was entitled as salary. The present action is to recover salary allegedly due but *not* paid.

The issues in said prior action relate directly and solely to the specific matters alleged in the bill of particulars. If answered in favor of the plaintiff (corporation), the issues and the judgment predicated thereon would not determine whether the corporation is indebted to Hill on account of unpaid salary. Therefore, it would not preclude and bar the prosecution of this action. Whether the corporation is indebted to Hill on account of unpaid salary is a separate and distinct matter, the sole issue arising on the pleadings in the present action. The *cause of action* in the one case is different from the *cause of action* in the other.

Taking this view, it is unnecessary to consider what effect, if any, should be given the fact that Mrs. Lydia Hill and N. B. Waters, defendants in said prior action, are not parties to this action.

It is noteworthy that both actions are pending in the Superior Court of Sampson County. The prior action, instituted by the corporation, appears first on the docket; and presumably such action will be tried first. As a practical matter, the situation is quite different from that ordinarily presented in connection with a plea in abatement. Where the second action is instituted in a county different from that in which the first action is pending, each party is disposed to compete with the other to determine which case will be first reached for trial. The defendant herein is well ahead. No reason is apparent why it should not proceed with the trial of said prior action.

For reasons stated, the three orders signed and entered by the court below are

Affirmed.

JOHNSON, J., not sitting.