## O. E. UNDERWOOD v. J. E. DOOLEY.

(Filed 17 April, 1929.)

1. **Abatement and Revival B a—Former action abates subsequent action which should have been included in former—Pleadings.**

   The pendency of a suit involving substantially the same cause of action will prevent the plaintiff from maintaining a subsequent action upon any matters which were, or should have been, properly included within the scope of the former one, and the plaintiff may not maintain two separate actions for different damages resulting from the same negligent act, and a later action will be dismissed when this is properly made to appear.

2. **Same—Action by insured for personal injuries not abated by action by insurer for damages to automobile.**

   Where an insurance company, under a policy covering damage to an automobile alone, has paid the insured for damages to it caused by the negligence of a third person, and has recovered judgment in its action against the *tort-feasor*, the owner may maintain a subsequent action against the *tort-feasor* to recover damages for personal injury arising from the same tort, as such action is not substantially the same as the pending action nor between the same parties.

3. **Insurance O b—Insurance company paying insured is subrogated to his rights.**

   Where a company, under a policy covering damage to an automobile alone, has paid the insured the loss resulting from the act of a *tort-feasor*, it is entitled to maintain an action against the *tort-feasor* by subrogation to the owner's rights.

APPEAL by defendant from order of *Grady, J.,* at September Term, 1928, of SAMPSON. Affirmed.

This action was begun in November, 1927, and is now pending in the Superior Court of Sampson County. It was heard at September Term, 1928, of said court, on defendant's motion that the action be dismissed, (1) for that, at the date of its commencement an action against the defendant, begun by the Maryland Casualty Company, upon the same cause of action as that alleged in the complaint in this action, was pend-

ing in the Superior Court of Mecklenburg County, North Carolina; and, (2) for that, since the commencement of this action, a final judgment has been rendered in said action against this defendant, which he has paid and fully satisfied.

From an order denying his motion defendant appealed to the Supreme Court.

*Algernon L. Butler for plaintiff.*
*C. H. Gover for defendant.*

CONNOR, J. On 7 November, 1927, the plaintiff, O. E. Underwood, was driving his automobile on Clinton Street, in the town of Roseboro, Sampson County, North Carolina. A motor truck, owned by defendant, and driven by one of his employees, collided with plaintiff's automobile, on said street. As the result of said collision, plaintiff's automobile was badly injured; plaintiff also sustained serious personal injuries. In his complaint filed in this action, plaintiff alleges that said collision was caused by the negligence of the driver of said motor truck, and that defendant, as owner of said truck, and as employer of said driver, is liable for his damages caused by said collision. This action, which was begun in the Superior Court of Sampson County, is for the recovery, only, of damages for the personal injuries sustained by plaintiff and caused by said collision. Plaintiff does not demand in this action judgment that he recover damages for the injuries to his automobile. He does not allege in his complaint that he has suffered damages by reason of the injuries to his automobile; he alleges that by reason of the injuries to his person he has been damaged in the sum of $10,000. He demands judgment for this sum only.

At the date of said collision plaintiff's automobile was insured against loss or damage resulting from a collision, by a policy of insurance issued by the Maryland Casualty Company. By the terms of said policy the Maryland Casualty Company was subrogated to all the rights, claims and demands which the plaintiff had against the defendant for damages resulting from injuries to said automobile, caused by the negligence of defendant. Within a few days after said collision, and prior to the commencement of this action, the Maryland Casualty Company began an action against the defendant herein in the Superior Court of Mecklenburg County, North Carolina. In said action the Maryland Casualty Company, as plaintiff, demanded judgment that it recover of the defendant the sum for which it would be liable to plaintiff herein, under its policy, as damages to his automobile, resulting from the collision between defendant's truck and said automobile, on 7 November, 1927. It alleged that said sum was $2,500; it did not allege that it had paid

or adjusted the loss prior to the commencement of said action. After the commencement of said action in the Superior Court of Mecklenburg. County, and before the commencement of this action in the Superior Court of Sampson County, the Maryland Casualty Company paid to the plaintiff herein the sum of $3,000, in full settlement of the amount for which the said company was liable to plaintiff herein, under its policy, on account of the damage or loss which plaintiff had sustained from the injuries to his automobile. After the commencement of this action, and while the same was pending, at the request of said company, plaintiff executed a formal assignment, in writing, to the said Maryland Casualty Company of any and all claims and demands which he had against the defendant for or on account of the injuries and damage to his automobile, caused by the collision between said automobile and defendant's truck on 7 November, 1927. Thereafter, by consent, a judgment was entered in the action pending in the Superior Court of Mecklenburg County, wherein the Maryland Casualty Company was plaintiff, and the defendant herein was defendant, that the Maryland Casualty Company recover of the defendant the sum of $1,400, in full settlement of any and all claims which the said company had against said defendant by reason of the cause of action alleged in the complaint in said action. This judgment has been paid by defendant, and duly canceled on the record in the office of the clerk of the Superior Court of Mecklenburg County.

Upon the foregoing facts, which were made to appear to the court by an amendment to the answer, which defendant filed, by leave of the court, defendant moved that this action be dismissed (1) for that, at the date of its commencement, an action against the defendant, begun by the Maryland Casualty Company, upon the same cause of action as that alleged in the complaint in this action, was pending in the Superior Court of Mecklenburg County, North Carolina; and (2) for that, since the commencement of this action, a final judgment has been rendered in said action, which defendant has paid and fully satisfied. Defendant's motion was denied; defendant excepted, and appealed to this Court.

In the original answer filed by defendant in this action, the allegations of negligence, which constitute plaintiff's cause of action herein, are denied; defendant also pleads, in bar of plaintiff's recovery, his contributory negligence. The facts on which defendant relies to sustain his motion that this action be dismissed, appear from his amended answer. They do not appear on the face of the complaint. In *Alexander v. Norwood,* 118 N. C., 382, 24 S. E., 119, it is said: "Where an action is instituted, and it appears to the Court by plea, answer or demurrer that there is another action pending between the same parties, and substantially on the same subject-matter, and that all material questions and

rights can be determined therein, such action will be dismissed." In *Emry v. Chappell,* 148 N. C., 327, 62 S. E., 411, it is said: "The general principle of the law is that the pendency of a prior suit for the same thing, or as is commonly said, for the same cause of action between the same parties in a court of competent jurisdiction, will abate a later suit, because the law abhors a multiplicity of suits, and will not permit a debtor or a defendant to be harassed or oppressed by two actions, if even substantially alike, to recover the same demand, when the plaintiff in the second action could have a complete remedy by one of them. The principle is based upon the supposition that, if the first suit is so constituted as to be effective and available, and also to afford an ample remedy to the plaintiff in the second, the latter is unnecessary and should be dismissed." In *Allen v. Salley,* 179 N. C., 147, 101 S. E., 545, it is said that when the pendency of another action between the same parties, upon the same subject-matter, in another county, appears upon the face of the complaint, a demurrer on that ground will be sustained; and that when the pendency of such action is made to appear by answer, a motion that the second action be dismissed, should be allowed. In *Construction Co. v. Ice Co.,* 190 N. C., 580, 130 S. E., 165, a judgment dismissing the action, which was begun in Mecklenburg County, for that another action between the same parties, involving substantially the same subject-matter, was pending in another county, was affirmed, upon the authority of the above-cited cases of *Allen v. Salley, Emry v. Chappell* and *Alexander v. Norwood.*

It is well settled, therefore, by authoritative decisions of this Court that where an action is begun in a court of this State, and it is made to appear to said court, either by demurrer or by answer to the complaint, that at the date of its commencement there was pending in said court or in any court in this State of competent jurisdiction, another action between the same parties, involving the same, or substantially the same subject-matter, or cause of action, wherein all the rights of the parties thereto may be fully and finally determined and adjudicated, the action last begun will be dismissed.

As the result of the collision between plaintiff's automobile and de-defendant's motor truck, upon the allegations of the complaint in this action, plaintiff had a cause of action against the defendant on which he was entitled to recover damages for all the injuries which he had sustained and which were caused by said collision. On this cause of action plaintiff could have recovered, in one action, damages for the injuries, both to his automobile and to his person. He had, however, only one cause of action against the defendant, for defendant's tort, out of which the cause of action arose, was single and entire. He could not have split this cause of action, and maintained two actions against

defendant, one for the recovery of damages resulting from injuries to his automobile, and the other for the recovery of damages resulting from injuries to his person. Had plaintiff undertaken.to split his cause of action, and instituted two actions, one for the recovery of damages resulting from injuries to his automobile, and the other for the recovery of damages resulting from injuries to his person, the second action would have been dismissed, for that the first action, involving the same subject-matter or cause of action was pending when the second action was begun. *Allen v. Salley, supra.* The recovery of a judgment in the first action, whether for damages to person or to property, would have barred a recovery in the second action. *Eller v. R. R.,* 140 N. C., 140, 52 S. E., 305. In the last cited case, it is said: "The general rule in the law of damages is that all damage resulting from a single wrong or cause of action must be recovered in one suit. The demand cannot be split, and several actions maintained for the separate items of damage. Plaintiff recovers one compensation for all loss and damage, past and prospective, which were the certain and proximate results of a single wrong or breach of duty." It was accordingly held in that case, that the action which plaintiff had begun in the Superior Court to recover of defendant damages for a personal injury, caused by the wrongful act of defendant, was properly dismissed, when it was made to appear to the court that plaintiff had theretofore, in another action, recovered of defendant a judgment for damages resulting from an injury to her property, caused by the same wrongful act of the defendant. The decision in *Eller v. R. R.* is cited and approved in *Barcliff v. R. R.,* 176 N. C., 39, 96 S. E., 644. It is said in the opinion in the last cited case: "No man should be twice vexed for the same cause. The plaintiff may carve out as much as the law allows him in the first instance, but he will not be permitted to cut more than once." In *Allen v. Salley, supra,* which was an action begun in the Superior Court of Buncombe County to recover damages for injuries caused by a collision between an automobile and a truck, it was held that the action should be dismissed, when it was made to appear to the court, that at the date of its commencement, an action between the same parties, upon the same subject-matter or cause of action was pending in the Superior Court of Polk County. In that case it is said: "The collision was but one transaction, and the whole matter should be tried, and the liabilities of all parties determined in the first action."

It is, therefore, well settled in this jurisdiction that one who has sustained damages, resulting from injuries both to his property, and to his person, caused by the single wrong or tort of another, can maintain only one action for the recovery of his damages, and that he cannot split his cause of action, arising from a single wrong or tort, and

maintain separate actions against the *tort-feasor,* as defendant, and recover therein for separate items of damage resulting from said wrong or tort.

An action to recover damages for injuries either to person or to property, caused by the single wrong or tort of the defendant, will be dismissed when it is made to appear to the court in which such action was begun and is pending, that another action begun by the same plaintiff against the same defendant, upon the same, or substantially the same cause of action, to recover damages for another injury, whether to person or to property, was pending in said court, or in another court in this State of competent jurisdiction to try and determine the issues involved in said action, at the date of the commencement of said action. A judgment recovered in the first action will bar a recovery in the second action, although the damages demanded in the second action are for a different injury from that for which the plaintiff recovered in the first action.

The principles above stated are well settled as the law of this jurisdiction, by authoritative decisions of this Court, and are in accord with decisions of courts in other jurisdictions, which are cited in the brief filed in this Court for the defendant. They are not, however, determinative of the question presented for decision by this appeal..

The action begun in the Superior Court of Mecklenburg County and pending therein at the commencement of this action, was not begun by the plaintiff in this action; said action was begun by the Maryland Casualty Company, to recover judgment against the defendant in its own behalf, and not in behalf of the plaintiff herein. The judgment entered in said action, by consent of the parties thereto, was not recovered by the plaintiff in this action; it was recovered by the Maryland Casualty Company, on the cause of action alleged in its complaint in said action. The facts alleged as constituting said cause of action include the facts which plaintiff in this action alleges as his cause of action against the defendant; other facts, however, are alleged by the Maryland Casualty Company, in its complaint in said action, and were essential to constitute a cause of action on which the said company, as plaintiff in said action, was entitled to recover of defendant therein. It cannot be held that the cause of action alleged in the action pending in the Superior Court of Mecklenburg County, at the date of the commencement of this action, is the same, or even substantially the same as that alleged by the plaintiff in this action. The Maryland Casualty Company could not have recovered of defendant solely upon the facts which constitute the cause of action alleged by the plaintiff in this action. It was required to allege and did allege facts from which it appeared that it was the real party in interest with respect to the sub-

ject-matter of the action, to wit, damages for injuries to the automobile owned by plaintiff in this action, caused by the wrongful act or tort of defendant.

At the date of the commencement of this action, the plaintiff had been fully compensated for the damage which he had sustained by reason of the injuries to his automobile. This damage had been paid by the Maryland Casualty Company, in discharge of its liability to plaintiff under its policy of insurance. No part of said damage had been paid by the defendant, who upon the allegations of the complaint in this action, was liable to plaintiff for such damage, as well as for the damages to plaintiff's person. The Maryland Casualty Company, having paid the damage to plaintiff's automobile, for which it was liable under its policy, had a cause of action against the defendant, upon its allegation that said damage was the result of an injury caused by defendant's wrongful act or tort. The Maryland Casualty Company alone could maintain an action to recover of defendant the sum which it had paid · to the plaintiff, the insured under its policy, for it, and not the plaintiff, was the real party in interest. In *Cunningham v. R. R.,* 139 N. C., 427, 51 S. E., 1029, it was held by this Court that when an insurer has paid the loss or damage for which it was liable under its policy to the insured, it is subrogated to the rights of the insured, and can alone, as the real party in interest, maintain an action against the wrongdoer, and that it is immaterial whether the insured makes an actual assignment of his right of action or not. The insurer is subrogated not necessarily by virtue of the provision of the policy, but upon principles of equity to the right of action, if any, of the insured against the wrongdoer, who has caused the damage. In that case the action brought by the insured who had been fully compensated by the insurer, against the wrongdoer, was dismissed, upon the ground that the insured was not the real party in interest and for that reason could not maintain the action to recover of the wrongdoer the damages which he had sustained, but which had been fully paid by the insurer. This decision has been cited and approved in *Insurance Co. v. Lumber Co.,* 186 N. C., 269, 119 S. E., 362, and in *Powell v. Water Co.,* 171 N. C., 290, 88 S. E., 426. In the last cited case the following statement of the law is approved by this Court: "When an insurance company pays to the insured the amount of a loss of the property insured, it is subrogated in a corresponding amount to the assured's right of action against any other person responsible for the loss. This right of the insurer against such other person is derived from the assured alone, and can be enforced in his right only. At common law it must be asserted in the name of the assured. In a court of equity or of admiralty, or under the modern

codes of practice, it may be asserted by the insurance company in its own name, when it has paid the insured the full value of the property destroyed."

We have not overlooked the fact that in the complaint filed by the Maryland Casualty Company in the action begun in the Superior Court of Mecklenburg County, it is not alleged that said company has paid the loss or damage to the automobile. It only alleges that it is liable for such loss as the owner has sustained. For the purposes of this decision, we do not think this fact is material.

. The denial of defendant's motion in this action is sustained by authoritative decisions of this Court; it is supported by well settled legal principles; it is in accord with justice, and is both sustained and supported by sound policy.

It cannot be held as law in this State that the owner of an automobile, who as the result of the wrong or tort of another, has sustained damages both to his automobile and to his person, and whose automobile is insured against the loss or damage which he has sustained because of· injuries to his automobile, is put to an election whether or not he shall, in order to maintain an action against the wrongdoer to recover damages for injuries to her person, release the insurance company from all liability to him under its policy. He does not lose his right of action to recover for the injuries to his person, by accepting from the insurance company the amount for which it is liable to him, under its policy, because the insurance company thereafter upon the cause of action which has accrued to it, recovers of the wrongdoer the amount which it has paid the owner of the automobile in discharge of its liability under the policy. This is not unjust to the wrongdoer, who is thereby required to pay only the full amount for which he is liable because of his wrong or tort. The order denying defendant's motion is

Affirmed.