LEON GOTTLIEB *v.* AMERICAN AUTOMOBILE
INSURANCE COMPANY.

[No. 45, April Term, 1939.]

*Decided June 28th, 1939.*

The cause was argued before BOND, C. J., OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, JOHNSON, and DELAPLAINE, JJ.

*H. Mortimer Kremer*, for the appellant.

*Walter V. Harrison*, for the appellees.

MITCHELL, J., delivered the opinion of the Court.

The appeal in this case is from a judgment in favor of the defendants for costs, entered in the Court of Common Pleas of Baltimore City, after a demurrer to the declaration had been sustained, with leave to amend, upon a motion for a *non pros,* the plaintiff having declined to amend.

Specifically, the basis of the demurrer is that the defendants are sued as joint obligors on a contract, a copy of which is filed with the declaration, which contract is in the form of an insurance policy, issued by the defendants, and severally insuring the plaintiff against loss by reason of (a) bodily injury, and (b) property damage, it being contended that there is a misjoinder of parties defendant.

The declaration alleges that the defendants issued a policy of automobile insurance to the plaintiff, and that, during the period in which said policy was in full force and effect, the latter, while driving his automobile, collided with the automobile of one John Fletcher Tatom, as a consequence of which collision Mr. Tatom sustained personal injuries, and damage to his automobile. He thereafter filed suit in the District Court of the United States for the District of Maryland, against the plaintiff below (appellant in this court), to recover for both personal injuries and property damage, which suit resulted in a judgment against the appellant, in favor of the said Tatom, in the sum of $3000, with interest and costs.

It is set forth in the declaration that under the terms of the insurance policy issued by the defendants, the latter agreed to pay on behalf of the plaintiff all sums which the plaintiff might become obligated to pay by reason of the liability imposed upon him by law for damages, because of bodily injuries and property damage, suffered by any person or persons and caused by accident arising out of the ownership, maintenance or use of the automobile mentioned in the policy and involved in the accident, subject to the limitation as to liability hereinafter noted. And further agreed to pay all costs taxed

against the insured in any suit against him, including interest accruing after entry of judgment, until such time as the defendants tender or deposit in court such part of said judgment as does not exceed the limit of the liability of the defendants under the terms of the policy.

Finally the declaration alleges that although the policy of automobile liability insurance, to which reference is above made, purports to have been issued by the American Automobile Insurance Company and the American Automobile Fire Insurance Company, the defendants, in capacities of separate corporate entities, the one insuring against liability for personal injuries only, and the other against liability for property damage only; nevertheless, the said defendants, in fact, constitute but one corporate. entity, in that the latter company, above named, is a wholly owned subsidiary of the former. That the companies have identical officers, directors and managers, "who have so organized, controlled and conducted the business and affairs of the American Automobile Fire Insurance Company as to render it, in fact, a mere agent, adjunct and instrumentality of the American Automobile Insurance Company." And that apart from the latter company, the former has no separate existence in fact or in practical operation; wherefore the above judgment, representing, as it does, a liability against the plaintiff for both personal injury and property damage, is a liability which the American Automobile Insurance Company, directly and through its *alter ego*, the American Automobile Fire Insurance Company, agreed to pay under the terms of the policy; the plaintiff having complied with all its provisions, and the defendants having failed to pay said judgment, although demand has been duly made upon them for the payment of the same.

The above declaration is filed under the Speedy Judgment Act (Acts 1886, ch. 184), and a part of the voucher or cause of action filed with the same is a copy of the policy, termed a combination automobile policy, by American Automobile Insurance Company and American Automobile Fire Insurance Company, each a stock com-

pany. The insuring clause of the policy is as follows: "American Automobile Insurance Company and American Automobile Fire Insurance Company, St. Louis, Missouri (each a stock insurance company, herein called the Company), do hereby severally agree with the insured, named in the declaration made a part hereof, in consideration of the payment of the premium and of the statements contained in the declarations and subject to the limits of liability, exclusion, conditions, and other terms of this policy, provided (1) that the American Automobile Insurance Company shall be the insurer with respect to coverage A if a premium is specified and charged in Item 3 of the declarations, and no other, and (2) that the American Automobile Fire Insurance Company shall be the insurer with respect to any one or more of the coverages B, C, D, D-1, E, F, G, H, and I, for which a premium is specified and charged in Item 3 of the declarations, and no other."

Item 3 of the "declarations" states that as to coverage "A" the American Automobile Insurance Company insures against "bodily injury liability in the limits of $5000.00 each person and subject to that limit for each person" and "$10,000.00 each accident," for a premium of $32.30, and that the total "premium, American Automobile Insurance Company," is $32.30. Thereafter, in the "declarations in the same Item 3, it is shown that the American Fire Insurance Company insures against coverage "B" or "property damage liability" within the limits of $5000 each accident, for a premium of $13.60, and at the end of said Item 3. "total premium, American Automobile Fire Insurance Company," $13.60. This is followed by the line, "total premium both companies, $45.90."

The policy is separately signed by the president and secretary of each company, who are, respectively, the same persons; one of the executions being on behalf of the American Automobile Insurance Company with respect to coverage "A" and such other parts of the policy as are applicable thereto; and the other being on behalf

of the American Automobile Fire Insurance Company, with respect to coverage "B," in like manner.

A certified copy of the judgment rendered against the appellant in the federal court is found in the record, and a statement of the same is made, filed and sworn to, in connection with the aforegoing insurance policy, in support of the cause of action in this case.

As indicated, the sole question before us is whether the demurrer was properly sustained; and accordingly, that question will be now considered.

The situation in the instant case is an anomalous one, and a careful review of the authorities has resulted in our failure to find an instance in which two surety companies, at the same time, in what, in effect, is one and the same policy of insurance, purport to insure against liability for personal injury in one clause of the combination contract, and against liability for property damage in another clause, upon the theory that the contract is entered into with the insured by two corporate entities, in themselves separate and distinct. It is undoubtedly true that upon the face of the policy now subject to our review, it is apparent that the contract entered into by and between the plaintiff and defendants was designed to create separate and distinct contractual relations with the plaintiff on the part of the defendants; that is to say, that one of the defendants, by its contract with the plaintiff, insured the latter against liability for bodily injury "and no other," and that the remaining defendant insured the plaintiff against liability for property damage "and no other."

If the contract must be construed as contended by the defendants, it is obvious that its inevitable effect, in all cases wherein the insured sustains both personal injury and property damage in one and the same accident, is to relieve the two defendants of a liability which, although purporting to be separately entered into, nevertheless was entered into on the part of the same officers of the contracting defendants will full knowledge on their part of a dilemma in which the insured would find himself in

event of the happening of such a contingency as set forth in the declaration filed in this case. It would hardly be contended, notwithstanding the plain and unambiguous language of the combination policy, that the purpose of the same, when the separate parties to the combination entered into it, was to protect the insured in those cases only in which his accident resulted in either the one or the other liability insured against, upon the contingency of their happening separately in an accident; and in freeing the combination of liability upon the contingency of their happening coincidentally.

In the last analysis, for the reason that the respective amounts awarded against the insured for personal injuries and for property damage are not segregated and separately shown by the judgment against him, for which he now seeks reimbursement from his insurer, it is the present contention of the defendants that the former is not entitled to recover against either of them. And that contention is urged, notwithstanding the circumstance that the defendants, in unison, contracted with the plaintiff, and in spite of the inherent probability that any accident covered by the policy, in which the insured might be required to answer in damages, would involve both personal and property injury.

When, through the combination policy involved in the instant case, the term "the company" is used in a singular sense, with reference to matters bearing upon the liability assumed; the purport of the agreements entered into; the refund of excessive premiums and the right of cancellation; connected as the above references are with the general statement that the "policy embodies all agreements between himself and the company or any of its agencies relating to this insurance"; it is apparent that the collective terms indicated are glaringly inconsistent with the contention that the undertaking with respect to personal damages and damages to property are severally distributed between separate and distinct insurers.

As a general proposition it is undoubtedly true that in actions *ex contractu,* only defendants who are jointly liable under the terms of the contract can be joined in the same suit. 1 *Poe, Pl. & Pr.,* sec. 379A. And unless the terms of the policy before us can be so construed as to warrant the joinder of the two defendants in one suit, upon the theory alleged by the insured that one of them is the mere *alter ego* of the other, the effect of the contract between the insured and his insurers, under the state of facts alleged in the declaration, is to release the latter from liability in the instant suit, and thereby deny indemnity to the former.

The language of a policy, being that of the company, should, where involved and conflicting, receive that construction which will give effect to all parts of the instrument and bring results as nearly approximating equity as possible. *Royal Exch. Assur. of London v. Thrower,* 246 Fed. 768, 159 C. C. A. 70; *Cooley's Briefs on Insurance,* vol. 2, p. 965.

It is apparent that these companies united in a combination policy, to indemnify against a combination of losses, which, at the time they contracted with the insured, they must have known, or at least should have known, under the practice followed in the state in which the policy was issued, might be combined in one judgment against the insured, without distinction or segregation as to the respective items of personal and property damage. Considering, therefore, the circumstances under which the policy before us was executed, the singular or collective reference to the alleged separate insurers throughout the instrument, the inconsistency of the construction the insurers seek now to be placed upon it, with the element of good faith and the presumption against fraud, we are of the opinion that the demurrer should have been overruled, and accordingly the judgment will be reversed, and the case remanded for trial.

*Judgment reversed, and case remanded for trial, with costs to the appellant.*

PARKE, J., filed a separate opinion as follows:

The reasons for concurrence in the judgment of the court will be stated.

The contract of insurance must be determined by its terms, and, in the absence of fraud, duress or mistake, the whole policy must be examined to ascertain from the words used the meaning and intent of the parties with reference to the subject matter. The contract set forth in the declaration is not ambiguous except in one particular. It is a contract between two separate corporations, whose several and distinct corporate existence is not affected by the temporary incidents of the alleged common ownership of the stock of the two legal entities, and the identity of their corporate officers, and official management. Each one of these corporations is engaged in a particular form of insurance. The one offers to insure the owners of motor vehicles by its contract against liability for any loss for which an owner may become responsible as a result of the infliction of injury to the property of a third person through the operation of the assured's motor vehicle. The other offers similar insurance to protect the assured from liability for injury to the person of a third party.

The plaintiff in this action desired insurance against both kinds of liability. The two insurance carriers undertook to give him such insurance by a single instrument in consideration of the payment of a separate premium by the assured to the common agent of both insurance companies. The contract, therefore, certainly covered three plain and probable contingencies, since, from the nature of things, the occasion of liability may arise either where there is bodily injury solely, or property damage wholly, or there is contemporaneously a combination of both bodily injury and property damage.

The subject matter of the combined policy is, therefore, threefold. The paper writing offered and accepted is explicit, if the assured is brought within the contemplation of the policy as a result of a liability for a "bodily injury" alone or for a "property damage" solely. In

40

either of these two probabilities a particular assurer is specified, and its liability under the policy is not joint, nor joint and several, but several exclusively. As stated, these two coverages and the particular insurance carrier liable are plainly and unequivocally expressed in terms of the contract. In these two instances the intention is so plainly stated that the use of rules of construction is superfluous.

The third phase of liability under the contract is not so free of difficulty. No specific provision is made for the procedure and form of recovery by the assured, if his liability within the policy is for both bodily injury and property damage to a third party should both ensue the act of nonfeasance, misfeasance or malfeasance of the party assured. Thus a problem of construction is made whose resolution must be undertaken by the court.

The insurance issued is a contract of liability to the extent of the limited amount of loss against which the policy is written. The intention of the parties to assure against liability for loss which resulted from bodily injury and property damage, whether inflicted at once or successively, through the operation of the assured's automobile is the paramount purpose of the contractual parties. An awareness of the ever imminent probability that both forms of injury covered would be combined in the single right of action of a third party must be imputed, from the frequency of the occurrence of this situation, as must also be the common knowledge that neither the assured nor the assurer could control the pleadings of the third party whose action against such an assured would seek and recover by a verdict *in solido* an amount which would be compensatory for both forms of injury. *Balto. & O. R. Co. v. Ritchie,* 31 Md. 191, 198; *Berkley v. Wilson,* 87 Md. 219, 39 A. 502; *Washington, B. & A. Electric R. Co. v. Cross,* 142 Md. 500, 512, 121 A. 374. See *Underwood v. Dooley,* 197 N. C. 100, 147 S. E. 686, as reported and annotated in 64 A. L. R. 656-674. If either party to the contract may be said to bear in greater degree the weight of this actual or imputed

knowledge, it would be the insurance carrier because of its wider experience, technical knowledge, and expert judgment in the matters of insurance risks and the terms and effect of the policies which it frames with respect to the perils against which the insurance was issued. While the written contract remains the best and only admissible evidence of what the contract is with respect to all the matters which it purports to cover, to the exclusion of all parol contemporaneous evidence, except as it may be qualified by the doctrines of waiver and estoppel, and while the court is not at liberty to make a new contract for the parties, nor arbitrarily to disregard reasonable limitations set forth in the policy, nevertheless it is not a variation in the terms of the policy to consider the nature of the risk insured, and, with respect to a matter upon which the policy is silent, so construe it as to make its scheme reasonable and to protect the assured. *Richards on Insurance* (4th Ed.), sec. 74; *Williston on Contracts* (Rev. Ed.), secs. 620, 629; *Phoenix Pad Manufacturing Co. v. Roth,* 127 Md. 540, 544, 96 A. 762; *Abuc Trading & Sales Corp. v. Jennings,* 151 Md. 392, 135 A. 166.

With these principles in mind, the facts alleged show a coverage of liability for both bodily injury and property damage, and a recovery for both forms of damages out of a single cause of action, brought against the defendant, which the defendants engaged by their covenants to defend and which, it was stated in argument, the assurer did, in fact, defend. So, there is here no question of the assured's right of action, nor even of the liability of the assurers, but merely whether their combined liability is enforceable in an action at law after a judgment wherein the respective amounts awarded for bodily injury and damage to property are undistinguishable in the verdict and judgment for a single sum of money. As the judgment against both assurers is one for the aggregate of the respective liabilities of the assured in a sum within the limits of the amounts which they agreed to pay, and is a judgment which is a result

of conditions within their contemplation but in reference to which they made no specific procedural provision, it is reasonable to conclude that the assurers intended to be bound jointly under these circumstances, and to leave for their own determination the measure of the apportionment to each of their combined liability with reference to the assured. It would seem unreasonable to suppose that when the risk involved is assured, the usual means of enforcing the right of the assured and the liability of the assurer are to be excluded from the contemplation of the parties. *Williston on Contracts* (Rev. Ed.), sec. 629.

As observed by Lord Sumner in *Becker v. London Assur. Corp.* [1918 H. L.], L. R. 101, 112: "I dare say few assured have any distinct view of their own on the point, and might not even see it, if it were explained to them, but what they intend contractually does not depend on what they understand individually. If it is implicit in the nature of the bargain, then they intend it in law just as much as if they had said it in words." *Anson, Contracts* (Corbin), sec. 353, pp. 424, 425. *Selected Readings on the Law of Contract,* pp. 872, 873, In thus holding that under the facts of this record the liability of the assurers is joint, the intention of the parties is effected and the general rule of law as expressed by the old maxim *ubi jus ibi remedium* is gratified. If the remedy at law did not exist it would have to be invented. The novelty of the right is said to be no objection "for if men will multiply injuries, actions must be multiplied too." *Ashby v. White,* 1703, 2 Ld. Raym. 938. per Holt, *C. J.,* at p. 955. An action on the case is most often the solution of new instances which are not new in the principle upon which they depend. *Knickerbocker Ice Co. v. Gardiner Co.,* 107 Md. 556, 563, 69 A. 405.

There is no legal difficulty in a contract whereby the performance of one promise may be by the joint action of all the promisors; and that of another, by only one of them. Moreover, it is a general presumption of law that when two or more persons undertake an obligation

that they undertake jointly. So, words of severance are necessary to overcome this primary presumption. *Williston on Contracts* (Rev. Ed.), secs. 316, 320, 322, 324; *United States Printing & Lithograph Co. v. Powers,* 233 N. Y. 143, 152, 136 N. E. 225; *Philadelphia v. Reeves,* 48 Pa. 472; 13 *C. J.,* secs. 549, 552, 561, pp. 573-575.

In the instant case, appropriate words of severance are employed in those instances when separate and distinct liability arises for bodily injury or for property damage, but words of severance are not used to meet the contingency of liability arising under both kinds of risks incurred at once to a third party as the result of a single happening. In the last instance, it would follow that the liability of the assurers, and, so, the action, is joint. *Supra.* See, generally, *United State Fidelity & Guaranty Co. v. Williams,* 148 Md. 289, 306, 129 A. 660; *First Nat. Bank v. Maryland Casualty Co.,* 142 Md. 454, 459, 460, 121 A. 379, 30 A. L. R. 618; *McElvoy v. Security Fire Ins. Co.,* 110 Md. 275, 279-281, 73 A. 157.

While the theory of the substantial identity of the assurers upon which the declaration is drawn would seem untenable, sufficient facts are alleged to show an apparent liability of both defendants to the plaintiff under the combined policy.