118 So.2d 555 (1960)
Paul Andrew SCOTT, Appellant,
v.
Murray ROSENTHAL and Joseph Rosenthal, Appellees.
No. 59-231.
District Court of Appeal of Florida. Third District.
March 3, 1960.
Rehearing Denied March 23, 1960.
*556 David Goldman, Miami, for appellant.
Reece & Murray, Miami, for appellees.
BARNS, PAUL D., Associate Judge.
In this action for personal injuries the lower court granted defendant's motion for a summary judgment because of the prior settlement and judgment of dismissal of the action of the subrogated insurer for *557 damages to plaintiff's automobile. The prior judgment was a judgment in retraxit. Both actions were pending at the time of settlement of the suit in the Civil Court of Record of Dade County but the latter was not pending when the judgment of dismissal in this action was rendered. Plaintiff appealed from the judgment of dismissal herein and assigns as error the entry of summary judgment. We find error and reverse.

Statement of the Case.
In April, 1957, a collision occurred between the automobile of the plaintiff, Scott, and the defendant, Rosenthal, resulting in injury to Scott's automobile and personal injuries to Scott. At the time of the collision Scott was protected by an insurance policy issued to him by Mid-States Insurance Co. which agreed to indemnify Scott against loss or damage caused by collision of Scott's automobile. In accordance with the terms of the insurance policy on June, 1957, the insurer paid Scott $800 and received from Scott an assignment and subrogation agreement as to Scott's claim against the defendant, Rosenthal, for injury to his automobile.
In February, 1958, the insurer in its own name brought suit in the Civil Court of Record against Rosenthal for injury to Scott's automobile and in March, 1958, this action by Scott was commenced by Scott against Rosenthal for personal injuries.
Thereafter on July 9, 1958, the insurer's suit pending in the Civil Court of Record against Rosenthal was dismissed "with prejudice" pursuant to a stipulation between the parties worded as follows:
"It is hereby stipulated and agreed by and between the respective attorneys for the parties to this cause, that the same has been amicably settled and may be dismissed with prejudice to and at the cost of the plaintiff."
This action against Rosenthal for personal injuries was commenced and service of process on the defendant was perfected before the settlement and dismissal of the action by the insurer in the Civil Court of Record. To the amended complaint in this action the defendant filed an answer setting up as a defense the proceedings and judgment of dismissal in the Civil Court of Record on the claim for damages to the automobile.
The question is whether the judgment on the claim for damages to the automobile is res judicata of the plaintiff's claim for personal injuries. We think not under the circumstances of this case.
Mims v. Reid  distinguished: Appellees rely on Mims v. Reid, Fla. 1957, 98 So.2d 498, 499, for affirmance of the judgment appealed. The holding of the court in that case is to be distinguished from this decision. The factual matters differ. The holding of the Mims case, pertinent here, was stated in headnote 3 as follows:
"Where plaintiff's suit for personal injuries arising out of collision of plaintiff's automobile with defendant's automobile was settled and judgment rendered, paid and satisfied after plaintiff dismissed claim for property damages with defendant's consent, such consent judgment prevented maintenance of separate action which was instituted by plaintiff, prior to entry of consent judgment, for use and benefit of plaintiff's automobile insurer to recover for damage to plaintiff's automobile."
The relative status of the parties in the Mims case and in this case are such as might have been so handled as to create the same questions of law, but the Mims case, inter alia, differs by reason of the stipulation at pre-trial conference for the dismissal of plaintiff's claim for property damages and defendant's consent to judgment for the personal injury. In that case the rights of the plaintiff's insurer to subrogation of plaintiff's claim for injury to the automobile seems not to have been brought to the attention of the defendant *558 until after consenting to the entry of the consent judgment against him for personal injuries, and the court held the prior judgment to be res judicata of the subsequent suit for property damage. The court recognized the conflict of the doctrine of one-cause-of-action with the doctrine of two-causes-of-action by reason of a tortious act inflicting injury to a person and his property, and reaffirmed the majority one-cause-of-action rule; and, although recognizing the existence of an exception to the one-cause rule, it did not find it material to the case.

I

Waiver
In Splitting Causes of Action. Judgment for Plaintiff or Defendant.
The majority rule is to the effect that when one tortious act results in injury to the person and property of another it gives rise to only one cause of action. The rule against splitting one cause of action seems to be well stated in Restatement, Judgments, § 62 (1942) as follows:
"Splitting Cause of Action  Judgment For Plaintiff or Defendant.
"Where a judgment is rendered, whether in favor of the plaintiff or of the defendant, which precludes the plaintiff from thereafter maintaining an action upon the original cause of action, he cannot maintain an action upon any part of the original cause of action, although that part of the cause of action was not litigated in the original action, except
"(a) where the procedure adopted by the plaintiff precluded his recovery for the entire claim and this procedure was essential to preserving his rights, or
"(b) where the defendant's fraud or misrepresentation prevented the plaintiff from including the entire claim in the original action, or
"(c) where the defendant consented to the splitting of the plaintiff's cause of action."
And in comment on clause (c) supra, p. 257, it is stated:
"Where the plaintiff brings separate actions based upon different items included in his claim and in none of the actions does the defendant make the objection that another action is pending based upon the same claim, a judgment for the plaintiff in one of the actions does not preclude him from obtaining judgment in the other actions. In such a case the failure of the defendant to object to the splitting of the plaintiff's claim is effective as a consent to the splitting of the claim."
The rule that a cause of action may not be split into two or more causes of action is for the benefit of the party defendant and he may waive his right to insist on the rule forbidding splitting of a single cause of action, 1 Am.Jur., Actions, § 101, p. 484.
In Georgia Ry. & Power Co. v. Endsley, 167 Ga. 439, 145 S.E. 851, 855, 62 A.L.R. 256, the court adhering to the doctrine that a tortious act causing injury to a person and his property gives rise to only one cause of action between the same parties held that the rule against splitting of a cause of action may be waived and that the defendant may be estopped to set up a prior judgment rendered in one of two pending suits on the same cause of action when he does not object to the splitting until judgment is rendered against him in one of the two actions. The Court stated:
"* * * It was too late for the defendant to object to the splitting of the action into two suits after judgment had been rendered against it in one of them, where both had been started at practically the same time, and where to each the defendant had pleaded only a general denial. In such a situation a defendant is presumed to *559 have waived his right to object; he has impliedly consented."

II

Subrogation
An exception to the rule that a single tort causing injury to a person and his property constitutes one cause of action which cannot be split arises when rights of subrogation under insurance policies accrue. The application of the exception is proper under the facts and circumstances of this and the following cases.
In Vasu v. Kohlers, Inc., 145 Ohio St. 321, 61 N.E.2d 707, 716, 166 A.L.R. 855, the Court held:
"Clearly, after a single right of action has accrued, the plaintiff may not assign a part of it and escape the consequences of splitting a single cause of action. But where, before any causes of action for injury to person and property arise, the owner of the property, by contract, invests another with certain potential or equitable rights or interests in such property, there is no basis for the denial of the right of the owner of such interest so acquired to prosecute a separate action for damages to such property arising out of its subsequent injury.
"Where an injury to person and to property through a single wrongful act causes a prior contract of indemnity and subrogation to come into operation for the benefit of the person whose property is injured, the indemnitor may prosecute a separate action against the party causing such injury for reimbursement for indemnity monies paid under such contract.
"In the state of Mississippi, which adheres to the single-cause-of-action theory the Supreme Court, in the case of Underwriters at Lloyd's Ins. Co. v. Vicksburg Traction Co., 106 Miss. 244, 63 So. 455, 456, 51 L.R.A.,N.S., 319, held that `an insurer of an automobile who had, in accordance with a provision of the policy, become subrogated to the claim of the owner for damages thereto against a street railway company before the institution by such owner of a suit for personal injuries growing out of the same accident, in which a judgment has been recovered, is not precluded thereby from maintaining an action.'
"In the above-cited case, O'Neil, the owner of the automobile, had brought suit against the defendant for personal injuries sustained in a collision and had recovered a judgment which the defendant claimed was a bar to the insurer's action against it to recover monies paid by the insurer to O'Neil. In the course of its opinion, the court said:
"`Appellant had an equitable interest in the automobile at the time of the collision by reason of having written the policy of insurance. When it was damaged, then, by virtue of the contract of insurance and the article of subrogation, appellant had such an interest in the claim for damages. This interest became a right to sue at law when appellant paid to Mr. O'Neil the amount owing him for loss under the policy and received from him assignment of his claim and was subrogated to his right to recover for damages. Therefore, when the suit was filed by Mr. O'Neil on December 16, 1909, against the appellee, the cause of action for recovery for injuries sustained to his person was in Mr. O'Neil, and the cause of action to recover for damages to the automobile was in appellant. There were then two distinct causes of action, two separate rights to recover, in two different persons.'
"Likewise, in the case of Underwood v. Dooley, 197 N.C. 100, 147 S.E. 686, 689, 64 A.L.R. 656, the Supreme *560 Court of North Carolina held that although it is `well settled in this jurisdiction that one who has sustained damages, resulting from injuries both to his property and to his person, caused by the single wrong or tort of another, can maintain only one action for the recovery of his damages, and that he cannot split his cause of action, arising from a single wrong or tort, and maintain separate actions against the tort-feasor, as defendant, and recover therein for separate items of damage resulting from said wrong or tort,' yet `where an insurance company, under a policy covering damage to an automobile alone, has paid the insured for damages to it caused by the negligence of a third person, and has recovered judgment in its action against the tort-feasor, the owner may maintain a subsequent action against the tort-feasor to recover damages for personal injury arising from the same tort, as such action is not substantially the same as the pending action nor between the same parties.'"
In Underwood v. Dooley, 197 N.C. 100, 147 S.E. 686, 689, 64 A.L.R. 656, it is stated:
"It is * * * well settled in this jurisdiction that one who has sustained damages, resulting from injuries both to his property and to his person, caused by the single wrong or tort of another, can maintain only one action for the recovery of his damages, and that he cannot split his cause of action, arising from a single wrong or tort, and maintain separate actions against the tort-feasor, as defendant, and recover therein for separate items of damage resulting from said wrong or tort.
"An action to recover damages for injuries either to person or to property, caused by the single wrong or tort of the defendant, will be dismissed when it is made to appear, to the court in which such action was begun and is pending, that another action begun by the same plaintiff against the same defendant, upon the same or substantially the same cause of action, to recover damages for another injury, whether to person or to property, was pending in said court, or in another court in this state of competent jurisdiction to try and determine the issues involved in said action, at the date of the commencement of said action. A judgment recovered in the first action will bar a recovery in the second action, although the damages demanded in the second action are for a different injury from that for which the plaintiff recovered in the first action.
"The principles above stated are well settled as the law of this jurisdiction, by authoritative decisions of this court, and are in accord with decisions of courts of other jurisdictions, which are cited in the brief filed in this court for the defendant. They are not, however, determinative of the question presented for decision by this appeal.
"The action begun in the superior court of Mecklenberg county, and pending therein at the commencement of this action, was not begun by the plaintiff in this action; said action was begun by the Maryland Casualty Company, to recover judgment against the defendant in its own behalf, and not in behalf of the plaintiff herein. The judgment entered in said action, by consent of the parties thereto, was not recovered by the plaintiff in this action; it was recovered by the Maryland Casualty Company, on the cause of action alleged in its complaint in said action. The facts alleged as constituting said cause of action include the facts which plaintiff in this action alleges as his cause of action against the defendant; other facts, however, are alleged by the Maryland Casualty Company, in its complaint in said *561 action, and were essential to constitute a cause of action on which the said company, as plaintiff in said action, was entitled to recover of defendant therein. It cannot be held that the cause of action alleged in the action pending in the superior court of Mecklenberg county, at the date of the commencement of this action, is the same, or even substantially the same, as that alleged by the plaintiff in this action. The Maryland Casualty Company could not have recovered of defendant solely upon the facts which constitute the cause of action alleged by the plaintiff in this action. It was required to allege, and did allege, facts from which it appeared that it was the real party in interest with respect to the subject-matter of the action, to wit, damages for injuries to the automobile owned by plaintiff in this action, caused by the wrongful act or tort of defendant.
"At the date of the commencement of this action, the plaintiff had been fully compensated for the damage which he had sustained by reason of the injuries to his automobile. This damage had been paid by the Maryland Casualty Company, in discharge of its liability to plaintiff under its policy of insurance. No part of said damage had been paid by the defendant, who, upon the allegations of the complaint in this action, was liable to plaintiff for such damage, as well as for the damages to plaintiff's person. The Maryland Casualty Company, having paid the damage to plaintiff's automobile, for which it was liable under its policy, had a cause of action against the defendant, upon its allegation that said damage was the result of an injury caused by defendant's wrongful act or tort. The Maryland Casualty Company alone could maintain an action to recover of defendant the sum which it had paid to the plaintiff, the insured under its policy, for it, and not the plaintiff, was the real party in interest. In Cunningham v. Seaboard Air Line R. Co., 139 N.C. 427, 51 S.E. 1029, 2 L.R.A., N.S., 921, it was held by this court that when an insurer has paid the loss or damage for which it was liable under its policy to the insured, it is subrogated to the rights of the insured, and can alone, as the real party in interest, maintain an action against the wrongdoer, and that it is immaterial whether the insured makes an actual assignment of his right of action or not. The insurer is subrogated not necessarily by virtue of the provision of the policy, but upon principles of equity to the right of action, if any, of the insured against the wrongdoer, who has caused the damage. In that case, the action brought by the insured who had been fully compensated by the insurer, against the wrongdoer, was dismissed, upon the ground that the insured was not the real party in interest and for that reason could not maintain the action to recover of the wrongdoer the damages which he had sustained, but which had been fully paid by the insurer. This decision has been cited and approved in Fireman's Fund Ins. Co. v. Rowland Lumber Co., 186 N.C. 269, 119 S.E. 362, and in Powell & Powell v. Wake Water Co., 171 N.C. 290, 88 S.E. 426, Ann.Cas. 1917A, 1302. In the last-cited case the following statement of the law is approved by this court: `When an insurance company pays to the insured the amount of a loss of the property insured, it is subrogated in a corresponding amount to the assured's right of action against any other person responsible for the loss. This right of the insurer against such other person is derived from the assured alone, and can be enforced in his right only. At common law it must be asserted in the name of the assured. In a court of equity or of admiralty, or under the modern codes of practice, *562 it may be asserted by the insurance company in its own name, when it has paid the insured the full value of the property destroyed.'"
The rule against splitting a single cause of action is one made by the courts but it should not be applied to frustrate the purpose of its laws or to thwart public policy. When an insurer who has agreed to indemnify and save harmless the insured against damages to property caused by the tortious act of another discharges his obligation by payment of the damages to the insured it becomes subrogated, by operation of law, to such rights relative to the tort as the party indemnified may have against the tort-feasor, with or without a formal assignment of such rights by the insured.
As stated in Underwood v. Dooley, supra:
"It cannot be held as law in this state that the owner of an automobile, who, as the result of the wrong or tort of another, has sustained damages both to his automobile and to his person, and whose automobile is insured against the loss or damage which he has sustained because of injuries to his automobile, is put to an election whether or not he shall, in order to maintain an action against the wrongdoer to recover damages for injuries to his person, release the insurance company from all liability to him under its policy. He does not lose his right of action to recover for the injuries to his person, by accepting from the insurance company the amount for which it is liable to him, under its policy, because the insurance company thereafter, upon the cause of action which has accrued to it, recovers of the wrongdoer the amount which it has paid the owner of the automobile in discharge of its liability under the policy. This is not unjust to the wrongdoer, who is thereby required to pay only the full amount for which he is liable because of his wrong or tort."
For each of the two foregoing reasons, to wit: waiver and subrogation, the judgment appealed is reversed.
HORTON, C.J., and CARROLL, CHAS., J., concur in the judgment.