HORTON, Judge.
This cause was submitted to the court without oral argument upon the record and the briefs of the respective parties.
The appellant had a policy of insurance, which included collision, on an automobile owned by one Battle. The appellee ran into Battle’s automobile causing damage to the car and personal injuries. The damage to Battle’s car was $250 of which the appellant paid $200 ($50 deductible). It is alleged, although not shown by the record, that appellant became “subrogated to all the rights of * * * Battle under the policy.” Battle sued appellee for his personal injuries and those of his wife which suit was dismissed upon a joint stipulation of the parties. The dismissal and stipulation were based upon a written release tvhich contained a reservation of right as to any property damage claim “which may have been assigned” to appellant under its policy of insurance. Appellant then instituted this suit to recover against the tort feasor for the amounts paid Battle for his property damage. The appellee in his answer alleged there had been a splitting of the cause of action and therefore appellant was estopped to prosecute this cause. The trial judge granted summary judgment in favor of the appellee based upon an affidavit of the appellee’s counsel to which was attached the pertinent portions of the record in the personal injury action. This appeal is from the summary judgment.
The appellant relies solely on the decision announced in Rosenthal v. Scott, Fla.1961, 150 So.2d 433, for reversal. The Rosenthal case involved an assignment or subrogation agreement as distinguished from a loan receipt involved in Mims v. Reid, Fla.1957, 98 So.2d 498.
We reverse upon the authority of Rosen-thal v. Scott, supra. The appellant’s complaint alleged “ * *• * the plaintiff became subrogated to all the rights of Jubbie Battle to recover the amount of the said loss so paid under the policy.” The ap-pellee’s answer alleged “that plaintiff Emmco * * * as assignee of the rights of Jubbie Battle is estopped * * * ” and again in the appellee’s answer, “Wherefore, plaintiff Emmco * * * as assignee of Jubbie Battle is estopped * * [Emphasis supplied] Since the fact of the appellant’s position as subrogee or assignee of Battle’s right under the policy of insurance was not in issue, the mere fact that the appellant-insurer brought the action in its own right would not, under Rosenthal v. Scott, supra, violate the rule prohibiting the splitting of a cause of action. On the contrary, the court in Rosenthal v. Scott, supra, cited with approval the Mississippi *26 case of Underwriters at Lloyd’s Ins. Co. v. Vicksburg Traction Co., 106 Miss. 244, 63 So. 455, which treats a factual situation almost identical with the case at bar. As was further pointed out in the North Carolina case of Underwood v. Dooley, 197 N.C. 100, 147 S.E. 686, 64 A.L.R. 656, cited and quoted in Rosenthal v. Scott, a recovery in such circumstances “is not unjust to the wrongdoer, who is thereby required to pay only the full amount for which he is liable because of his wrong or tort.”
Concluding as we have that it was error to enter summary judgment for the appel-lee, it follows that the judgment should be and is hereby reversed.
Reversed. -